U.S. v. Edan J. Hernandez-Garcia 25-081(ADC)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**EDAN J. HERNANDEZ-GARCIA,**<br>Defendant. | **CRIMINAL NO. 25-081(ADC)**<br><br>RECEIVED & FILED<br>CLERK'S OFFICE<br>SEP 2 2 2025<br>US DISTRICT COURT<br>SAN JUAN, PR |

### PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, **Edan Hernandez-Garcia**, and Defendant's counsel, Hector Sueiro, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

   Defendant agrees to plead guilty to Count One of the Indictment:

### COUNT ONE
### Illegal Possession of a Machinegun
### (18 U.S.C. § 922(o))

On or about February 8, 2025, in the United States, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

EDAN J. HERNANDEZ-GARCIA,

did knowingly possess a machinegun—that is, one Glock pistol, model 45, 9mm caliber, bearing serial number BMFC955 which was modified to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. All in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

## 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of ten years pursuant to 18 U.S.C. § 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.



## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form

500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

**6. Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS COUNT One: 922(o) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2K2.1(a)(5) | | | | | 18 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 15 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 18-24 | 21-27 | 24-30 | 30-37 | 37-46 | 41-51 |

### 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to jointly request a sentence of imprisonment at the middle of the applicable Guidelines range at a total offense level of 15 when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court in this case is within or below the Guidelines range for the total offense level of 15 calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures and no variant sentence under 18 U.S.C. § 3553—other than any explicitly

provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Hector Sueiro, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

    a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately,

determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.



**15. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**16. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no

promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the



reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.



23. **Firearms and Ammunition Forfeiture**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: one Glock pistol, model 45, 9mm caliber, bearing serial number BMFC955; 49 rounds of 9mm ammunition; and two 9mm magazines.

W. Stephen Muldrow
United States Attorney

Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Division
Dated: _9/11/2025_

Hector Sueiro, Esq.
Counsel for Defendant
Dated: _9/20/25_

César E. Rivera Díaz
Assistant U.S. Attorney
Dated: _9/11/2025_

Edan J. Hernandez-Garcia
Defendant
Dated: _9/20/25_

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 9/20/25

Edan J. Hernandez-Garcia
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 9/20/25

Hector Sueiro, Esq.
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Edan J. Hernadez-Garcia admits that Defendant is guilty as charged in Count One of the Indictment and admits the following:

On February 8, 2025, at approximately 11:15 p.m., PRPB Agents conducted a traffic stop near the Dorado PRPB Precinct. While on patrol, they observed a white 1993 Toyota Corolla (license plate HTD-163), operating with dark window tints, in violation of Puerto Rico Law 22. The Agents activated their lights and sirens, commanded the vehicle to pull over, and approached the vehicle. On the driver's seat there was an individual, later identified as Edan J. HERNANDEZ-GARCIA, and in the front-passenger seat there was another male individual.

The agents explained to HERNANDEZ-GARCIA why he was being pulled over and asked for his license and registration. HERNANDEZ-GARCIA presented a Puerto Rico Identification card (ID# 6624456) and not a driver's license.  As the officer was interacting with HERNANDEZ-GARCIA, she noticed an odor of marijuana coming from the vehicle he was operating. Therefore, the officer asked HERNANDEZ-GARCIA if he had a Puerto Rico marijuana license and Hernandez-Garcia replied that he did. When the officer asked HERNANDEZ-GARCIA to produce the identification card, he opened his fanny pack, which was on his lap, to retrieve it. Once HERNANDEZ-GARCIA opened the fanny pack, the officer noticed what, based on her training and experience, she recognized as the bottom of a firearm magazine inside the fanny pack. The officer then asked HERNANDEZ-GARCIA if



he had a Puerto Rico Firearms License, to which he replied that he did not. The officer

ordered HERNANDEZ-GARCIA out of the vehicle and asked him to place his hands

on top of the vehicle. HERNANDEZ-GARCIA exited the vehicle and immediately

ran away.

HERNANDEZ-GARCIA left his fanny pack behind in the vehicle. Inside the

fanny pack there was a 9mm pistol magazine loaded with 29 rounds of

ammunition and 1 loose round of 9mm ammunition, HERNANDEZ-

GARCIA's marijuana license, and a purple container with a small amount of

marijuana.

Under the driver's seat where HERNANDEZ-GARCIA had been

sitting, PRPB officers found a 9mm Glock pistol, model 45, bearing serial number

BMFC955, loaded with seventeen (17) rounds of ammunition and modified to

function as a machinegun through a backplate modification.

Defendant admits and stipulates that he possessed the seized firearm; that it

was modified to shoot automatically more than one shot, without manual reloading,

by a single function of the trigger, making it a machinegun; and that he was aware

of the characteristics that made the firearm a machinegun.

Had this matter proceeded to trial, the United States would have

presented evidence through the testimony of witnesses as well as physical

evidence and documentary evidence, which would have proven beyond a

reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Edan J. Hernandez-Garcia is guilty as charged in Count One of the Indictment.

Discovery was timely made available to Defendant for review.

César E. Rivera Díaz
Assistant U.S. Attorney
Dated: 9/11/2025

Hector Sueiro, Esq.
Counsel for Defendant
Dated: 9/20/25

Edan J. Hernandez-Garcia
Defendant
Dated: 9/20/25

