# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **EDAN J. HERNÁNDEZ-GARCÍA,** Defendant. | **Crim. No. 25-081 (ADC)** |

## SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

Mr. Hernández is a first-time offender who self-surrendered to authorities and accepted responsibility. He has already begun his rehabilitation while at MDC Guaynabo. He committed a serious offense. He hurt his family, damaged his children's trust, and disappointed the parents who raised him to know better. But he does not pose a continuing danger to the community. With his family's support and concrete plans for vocation training, he will leave prison prepared to support his children and be a law-abiding citizen.

We respectfully ask the Court to accept the parties' joint recommendation under the plea agreement of 21 months in prison — the middle of his guidelines sentencing range of 18-24 months — so Mr. Hernández can complete his sentence, finish his vocational training, and rebuild his relationship with his family and children as a law-abiding father and son.

### I.  Mr. Hernández self-surrendered and accepted responsibility.

The PRPB stopped Mr. Hernández on February 8, 2025. He panicked and fled to his parents' home. An arrest warrant was eventually issued on February 13, 2025, after the return of the indictment. DE-3. Six days later, on February 19, 2025, a PRPB officer

that knew Mr. Hernández contacted him about the warrant. Upon learning there was a warrant for his arrest, Mr. Hernández agreed to immediately surrender. That same day, accompanied by his father and stepmother, he met officers at a prearranged location, at a shopping mall parking lot and surrendered without incident.

**II.     Mr. Hernández has used his time at MDC productively and has concrete plans for once he completes his prison sentence.**

Since his detention, Mr. Hernández has maintained a clean disciplinary record at MDC. He enrolled in and completed a workshop on evidence-based recidivism reduction, equipping him with tools to understand the choices that led to this offense and avoid future misconduct.

Mr. Hernández has set concrete goals for his future that diminish his risk of recidivism. He will enroll in a vocational program and complete the refrigeration technician certificate he abandoned when he was younger.  This certification will allow him to secure stable employment and provide for his children.

Mr. Hernández has four children (ages 8, 7, 4, and 2) who depend on him. During his detention, his father has provided financial support for his children. Mr. Hernández is committed to resuming his responsibilities as a father and understands that rebuilding their trust requires consistent action, not just words. His children are young. They may not fully understand what is going on. But Mr. Hernández wants to do better and one day show his children (and his family) this offense was a mistake that does not define him, and that he can do better by them.

**III.    Mr. Hernández will have strong family support upon release.**

Upon release from prison, Mr. Hernández will live with his mother at his childhood home  in Dorado, PR. next door to his 87-year-old grandmother, Doña Aurea Arroyo. His

grandmother's health has been a huge concern during his time in jail, and he hopes to return to her before it is too late.

His parents have supported him unconditionally throughout this case, attending court proceedings and regularly visiting him at MDC. They have made it clear they will help him succeed when he begins his term of supervised release.

His family's unwavering support significantly reduces Mr. Hernández's risk of recidivism. He has stable housing, a close-knit family network, strong and deep community ties, and a family that will hold him accountable.

### IV. The court should sentence Mr. Hernández to 21 months, the middle of the guidelines sentencing range of 18-24 months.

The PSR correctly calculated a total offense level of 15 and a Criminal History Category of I, for a GSR of 18-24 months. PSR ¶ 61. That accords with the terms of the plea agreement, where the parties agreed to jointly recommend a sentence at the middle of the GSR based on a total offense level of 15 and the criminal history category determined by the Court and the PSR.

Mr. Hernández committed a serious offense, but the guidelines calculation does not involve aggravating factors. He possessed the firearm but did not brandish it or use it in connection with another crime. His conduct reflects poor judgment, not a violent or criminal disposition.

### V. Conclusion

Mr. Hernández made a serious mistake. But he is not defined by this offense. He is a first-time offender that self-surrendered, accepted responsibility for his mistake, and has the support and resources necessary to succeed upon release. A sentence of 21 months, the midpoint of his guideline range, reflects the seriousness of Mr. Hernández

conduct while recognizing his potential for rehabilitation is greater in the community, under the supervision of the Court and with his family's support.

WHEREFORE, we respectfully request that the Court accept the parties' joint recommendation under the plea agreement and sentence Mr. Hernández to 21 months in prison

I CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 20th of January 2026.

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

**s/ HÉCTOR SUEIRO-ÁLVAREZ**
Assistant Federal Public Defender
USDC-PR 306513
241 F.D. Roosevelt Ave.
San Juan, PR 00918
Tel. (787) 281-4922 / Fax (787) 281-4899
Email: Hector_Sueiro@fd.org